OPINION AND JUDGMENT ENTRY
This appeal comes to us from the Lucas County Court of Common Pleas. There, following his entry of a no contest plea, appellant was found guilty of attempted intimidation of a victim and was sentenced to a term of imprisonment. Because we conclude that appellant's sentencing was improper, we reverse.
Appellant, Alexander Byrd, pled no contest to and was convicted of attempted intimidation of a victim, in violation of R.C. 2923.02(A) and 2921.04(B), a fourth degree felony. Appellant had left the following message on his former girlfriend's answering machine: "your ass is out, you don't know when I'm coming, it ain't over." At the time he left the message, appellant had an active domestic violence case pending in the municipal court; the alleged victim in that case was his former girlfriend.
After reviewing a presentence report and a confidential victim's statement, the trial court found that, pursuant to R.C.2929.13(B), there was "an attempt to cause or that Defendant made an actual threat of physical harm with a weapon." The court further found that appellant "is not amenable to community control, * * * that prison is consistent with the purposes of R.C.2929.11," and that "the shortest prison term possible will demean the seriousness of the offense and will not adequately protect the public."
The trial court then sentenced appellant to a term of seventeen months incarceration. Appellant now appeals that judgment, setting forth the following sole assignment of error:
 "The trial court erred when it overcame the presumption for community control the Defendant is afforded under a felony of the fourth degree, because there were not sufficient facts set forth during the plea hearing by the State that can justify the trial court's finding under Revised Code 2929.13(B)(1)(b) at the sentencing hearing."
Appellant contends that the trial court erred in imposing a prison sentence, rather than community control. Appellant contends that, although the trial court followed the procedure of R.C. 2929.13(B), the facts did not support its finding that appellant attempted to use or actually used a deadly weapon in the commission of the crime. Therefore, according to appellant, the court erroneously sentenced him to prison.
A term of incarceration for a fourth degree felony may be imposed in two ways pursuant to R.C. 2929.13(B). If the court finds that at least one factor listed in R.C. 2929.13(B)(1) is applicable, the court then reviews whether a prison term is consistent with the purposes of sentencing. R.C. 2929.13(B)(2) (a); State v. Sims (Dec. 9, 1998), Summit App. No. 19018, unreported. While making this review, the court should consider the seriousness and recidivism factors in R.C. 2929.12(B) and (C), along with all other relevant factors. The court then considers the factors contained in R.C. 2929.12(D) and (E), and all other relevant factors, to determine whether the defendant is amenable to community control. R.C. 2929.13(B)(2)(a); R.C. 2929.12(D) and (E). If the court finds that (1) a prison term is consistent with the purposes of felony sentencing, and (2) the offender is not amenable to community control, then the court is required to impose a prison term. R.C. 2929.13(B)(2)(a).
A prison term may also be imposed where the trial court does not find that one of the R.C. 2929.13(B)(1) factors is applicable. Under R.C. 2929.13(B)(2)(b), the trial court considers the factors in R.C. 2929.12(B) through (E). If appropriate under the circumstances, the trial court is required to impose a sentence of community control. However, if the court determines that community control is not consistent with the purposes of felony sentencing, then the court retains the discretion to impose a prison sentence. See R.C. 2929.11(A); R.C. 2929.13(A);State v. Sims, supra.
In the instant case, appellant was convicted for intimidation via the telephone. The message, as presented by the prosecution, contained no specific reference or other indication of the use or attempted use of a deadly weapon. Consequently, we can find nothing in the record to support the trial court's finding that appellant had used or threatened to use a deadly weapon to inflict physical harm in the commission of the crime ofintimidation. Therefore, we conclude that the trial court erred in making a finding under R.C. 2929.13(B)(1)(b).
Nevertheless, our determination should not be construed to mean that appellant must be given community control. The trial court may have combined the two sections of R.C. 2929.13(B)(1), noting that it had also considered the factors of R.C. 2929.12,2929.14(B), and 2929.11. Therefore, we remand the case for the court to properly determine and clarify appellant's sentence.
Accordingly, appellant's sole assignment of error is well-taken.
The judgment of the Lucas County Court of Common Pleas is reversed as to sentencing and remanded for proceedings consistent with this decision. Court costs of this appeal are assessed to appellee.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J., JUDGE
Melvin L. Resnick, J., JUDGE
James R. Sherck, J., JUDGE
CONCUR.